**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| JAMES RYAN<br>293 McGrady Road<br>Rising Sun, MD 21911<br>*Plaintiff*<br><br>vs.<br><br>NATIONAL RAILROAD PASSENGER CORPORATION (AMTRAK)<br>1 Massachusetts Ave., NW<br>Washington, DC 20002<br>*Defendant* | : | **JURY TRIAL DEMANDED** |

**COMPLAINT**
**2F Personal Injury - FELA**

COMES NOW Plaintiff, James Ryan, by and through his attorney, James M. Duckworth, Esq., and for his Complaint against Defendant, Amtrak states:

1. The Plaintiff herein is James Ryan, a citizen and resident of the State of Maryland with a location of 293 McGrady Road in Rising Sun, Maryland.
2. The action arises under the Act of Congress, April 22, 1908, and amendments thereto, 45 U.S.C. Sec. 51 *et seq.,* known and cited as "The Federal Employers' Liability Act".
3. The amount in controversy exceeds $75,000.00
4. Defendant, National Railroad Passenger Corporation (hereinafter referred to as “Amtrak”), is a corporation duly organized and existing under and by virtue of the laws of the District of Columbia with its principal place of business at 1 Massachusetts Avenue, NW, Washington, D.C., and which regularly does business in the District of Columbia and throughout the United States of America.
5. This Court has subject matter jurisdiction and personal jurisdiction under 45 USC section 56. Defendant has its national offices in Washington, DC and maintains railroad operations

through Union Station and the adjacent railyards. Defendant also manages claims of this nature and this claim specifically through Defendant's Washington, D.C. office.

6. That at all times herein Defendant, Amtrak, Inc. was and is a corporation organized and existing according to law, conducting business as common carriers by railroad in and through interstate commerce with facilities, tracks and employees located in and through several states, including the State of New York, State of New Jersey, and Commonwealth of Pennsylvania; that a part of Defendant's systems of railways extends into and through these States and the United States of America.

7. At the time of commencement of this action, Defendant engaged in the business of operating railway systems in interstate commerce and in the transportation of passengers by railroad in said interstate commerce utilizing tracks running in and around several States and maintained offices and agents for the transaction of their businesses in said States and Commonwealth were and are presently conducting business in Philadelphia County, Pennsylvania, within the true meaning and intent of Section 6 of the Federal Employers' Liability Act, as amended.

8. While Amtrak assigned its employees to work at certain locations without adequate personal protective equipment, Amtrak commissioned environmental testing and clean-up at these locations on the demands of third-party contractors and government agencies. Amtrak managed these tests and clean-ups as well as third-party contracts out of the headquarters in Philadelphia, Pennsylvania.

9. That at all times material herein, Amtrak was an interstate carrier by rail and were engaged in the transportation of passengers.

10. Plaintiff was and is employed by Defendant for twenty plus years working as a machine operator in and out of Pennsylvania, Maryland, New York and New Jersey and as such was working and engaged in interstate transportation and commerce at the time of the occurrences hereinafter set forth, and at such times was working in the furtherance of Defendant's interstate commerce, and in work which directly, closely and substantially affected the general interstate commerce carried on by said Defendant as a railroad.

11. As a machine operator, Plaintiff was exposed to silica particulates and other hazardous substances known to cause and/or contribute to intestinal lung disease and occupational asthma.

12. While working as a machine operator, Plaintiff was required to use machines that had malfunctioning ventilation systems and/or malfunctioning dust control systems. The dust control system would not have sufficient water to control the dust including silica particulates.

13. These exposures to silica and other airborne particulates caused damage to Plaintiff's lungs which is permanent in nature.

14. These injuries were caused in whole or in part by the negligence, carelessness and recklessness of the defendant and their agents, servants, workmen and/or employees, acting within the scope of their employment, which negligence consisted of the following:

a) in failing to provide the plaintiff with a safe place to work as required by the Federal Employers' Liability Act, Title 45 U.S.C. Secs. 51-60.

b) in failing to comply with safety rules and regulations of the defendant;

c) in failing to provide a machines with proper ventilation systems and dust control systems

d) in failing to inspect, detect and correct foreseeable hazards;

15. As a direct result of the defendants' negligence, through their agents, servants, workmen and/or employees, the Plaintiff suffered injury to his lungs.
16. As a direct result of the defendants' negligence, through their agents, servants, workmen and/or employees, the Plaintiff has been impaired in the performance of his usual duties and occupations, all of which caused substantial financial loss and all of which may continue in the future.
17. As a direct result of the defendants' negligence, through their agents, servants, workmen and/or employees, the Plaintiff has been and may continue to be required to receive and undergo medical treatment and medical care all of which may and probably will continue in the future.
18. As a direct result of the defendants' negligence, through their agents, servants, workmen and/or employees, the Plaintiff has sustained physical impairment, mental and emotional suffering, inconvenience, stress and a loss of enjoyment of life and may continue to suffer same for an indefinite period of time in the future.

WHEREFORE, Plaintiff James Ryan claims of the defendant compensation for all damages and harms recoverable under the Federal Employer's Liability Act (FELA).

**GOGGIN & DUCKWORTH, P.C.**

/s/ James M. Duckworth
JAMES M. DUCKWORTH
Bar No.: 033861998
1420 Walnut Street, Suite 1108
Philadelphia, PA 19102
(O) 215-735-8780
(F) 215-735-5126
jduckworth@goggin-duckworth.com